### PROTEST OF ST. LOUIS-S. F. R. CO.

No. 25492.   Nov. 13, 1934.

Rehearing Denied Dec. 11, 1934.

E. T. Miller, J. W. Jamison, and Cruce, Franklin & Satterfield, for protestants.

R. H. Dunn, City Atty., and Fred E. LaRue, Co. Atty., for defendant in error.

OSBORN, J. This is an appeal from the Court of Tax Review by the St. Louis-San Francisco Railway Company, J. M. Kurn, and John G. Lonsdale, trustees, hereinafter referred to as protestants, from an order and judgment of said court denying a tax protest relating to the general fund of the city of Clinton, in Custer county.

The county excise board allocated to the municipalities in Custer county for the fiscal year of 1933-34 a levy of 3.5 mills. In computing the levy for the general fund of the city of Clinton the county excise board determined the total requirements for said fund to be $48,789.97, and deducted therefrom a cash surplus on hand of $4,958.60 leaving a balance of $43,831.37, and to said amount added a reserve for delinquent taxes of 10 per cent. and deducted estimated income in the amount of $40,127.07, leaving the sum of $8,086.81, and thereupon made a levy of 3.5 mills upon the assessed valuation of the municipality, which was sufficient to raise said amount.

Protestants contend that the above procedure is improper and illegal by reason of the provisions of chapter 85, S. L. 1933, amending section 12678, O. S. 1931, in that it was the purpose, meaning, and intent of said act that a cash surplus on hand at the close of the fiscal year could only be used to reduce the levy for the next succeeding fiscal year. Protestants' theory is that since the amount of the cash surplus on hand is an amount equal to a levy on the assessed valuation of the municipality of 2.073 mills, the levy should be reduced to 1.427 mills, which is the maximum that could be levied under such circumstances. The pertinent provisions of chapter 85, S. L. 1933, are as follows:

"Section 1:   Section 12678, Oklahoma Statutes 1931, is hereby amended to read as follows:

"Section 12678:   When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have computed the total of the several items of appropriations for current expense and sinking fund purposes and each special purpose for the county and each municipal subdivision thereof, after first deducting therefrom any cash surplus balance from the previous year or years, the said excise board shall add to the remainder a reserve for the delinquent taxes, the amount of which shall be determined by the said board, after taking into consideration the amount of uncollected ad valorem taxes for the previous year immediately preceding the next preceding taxable year and the percentage of collections from sources other than ad valorem taxes for the two preceding taxable years; provided that the reserve so added shall not exceed 20 per cent. or be less than 10 per cent.; provided, further that the amount of the reserve so determined and added shall not be subject to review. The excise board shall thereupon make the levies therefor after deducting from the total so computed the amount of any surplus balance for the preceding year or years, which is represented by ad valorem taxes in the process of collection, together with the amount of the probable income of each from all sources other than ad valorem taxation;

provided, that in no event shall the amount of such estimated income exceed the actual collections from such source for the previous fiscal year. The rates of levy for current expense, sinking fund and other purposes authorized by law shall be separately made and stated, and the revenue accruing therefrom, respectively, when collected, shall be credited to separate fund accounts to be designated and known respectively as the general fund, sinking fund, and special funds according to the purposes of the levy. If and when a surplus of cash shall accrue in any fund account, the same shall forthwith be transferred to the same fund for the next succeeding year. * * *' "

Section 12678 O. S. 1931, which was the amended statute, provided:

"When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof and shall have computed the total of the several items of appropriation for current expense and sinking fund purposes for the county and each municipal subdivision thereof with ten per cent. (10%) added thereto for delinquent tax, they shall thereupon make the levies therefor, after deducting from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years, together with the amount of the probable income of each from all sources other than ad valorem taxation, provided, that in no event shall the amount of such estimated income exceed the actual collections from such sources for the previous fiscal year."

Among other changes in the law accomplished by the enactment of the later statute, it is noted that a cash surplus balance must be deducted from the total appropriation prior to the addition of a percentage for reserve for delinquent taxes. The obvious purpose for such change in the law was to do away with the necessity of adding 10 per cent. of the cash on hand to take care of delinquent collections. The provision as to the amount of the reserve for delinquent taxes is also changed so that the excise board is authorized to add not to exceed 20 per cent. or not less than 10 per cent. depending upon the percentage of collections from ad valorem taxes for the preceding year, and from sources other than ad valorem taxes for the two preceding taxable years.

In support of their theory of the law, protestants call attention to that portion of chapter 85, S. L. 1933, providing that if and when a surplus of cash shall accrue in any fund or account the same shall forthwith be transferred to the same fund for the next succeeding year. This particular provision was declared unconstitutional and void in the case of State v. Morley, 168 Okla. 259, 34 P. (2d) 258. Our attention is also directed to a provision in the title of the act in question "requiring any surplus to be used in reducing appropriations and levies for succeeding year." It is argued that where any doubt arises as to the meaning of a statute the language of the title to the act must be considered in determining such meaning. In the instant case, however, we find no difficulty in ascertaining the meaning of the statute without reverting to the language of the title of the act.

Chapter 85, S. L. 1933, supra, outlines very clearly the necessary steps and the order in which they shall be taken, to make a levy. It is noted that the act deals with two different surplus balances, the first being a cash surplus balance such as we are dealing with here, and the other a surplus balance represented by ad valorem taxes in the process of collection. It provides that the excise board must first compute and determine the total appropriation and the next step is to deduct therefrom the cash surplus balance. Thereafter there must be added the amount fixed for a reserve and thereafter there must be deducted the amount of any surplus balance represented by ad valorem taxes in the process of collection, together with the amount of probable income from all sources other than ad valorem taxation, and for the balance so remaining the excise board must make a levy. According to protestants' theory it would be necessary for the excise board to disregard the second prerequisite step in determining the amount of the levy, which is the deduction of the cash surplus balance on hand, and proceed to add to the total appropriation the amount fixed as reserve, thereupon deduct the surplus balance arising from taxes in the process of collection and the amount of estimated income from sources other than ad valorem taxation, and determine the levy necessary to raise said amount and then deduct the cash surplus balance on hand. Such a construction would be contrary to the plain purpose, meaning and intent of the legislative act. The contention of the protestants is without merit.

The judgment is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.